## GENERAL COURT, OCTOBER TERM, 1798.

### Brashears' Lessee, vs. Hewitt.

Ejectment for a tract of land called *Brashears' Meadow,* lying in Prince-George's county. General defence was taken, *non cul.* and issue. Verdict of guilty, and judgment for the plaintiff for possession and costs.

#### BILL OF EXCEPTIONS.

The plaintiff, in this case, to support his title, offered in evidence to the jury a *certificate of survey* of a tract of land called *Brashears' Meadow,* containing 200 acres, being the land mentioned in the declaration, made for *Samuel Brashears,* dated the 5th of January 1724. He also produced a *patent* to the said *Samuel Brashears* for the said land, dated the 10th of June 1727.

The plaintiff also proved, that *Samuel,* the patentee, had two sons, *Samuel* his eldest, and *Robert,* father to the lessor of the plaintiff.

The plaintiff then produced to the court a paper purporting to be a deed from *Samuel Brashears,* the patentee,

to *Robert Brashears*, above named, bearing date the 11th of October, 1726, and is as follows to wit:

"To ALL CHRISTIAN PEOPLE to whom these presents shall come; I, *Samuel Brashears, senior*, of Prince-George's county, in the Province of Maryland, carpenter, send greeting. KNOW YE, that I the said *Samuel Brashears*, for and in consideration of the love, good will and affection, which I do bear to my loving and dutiful son *Robert Brashears*, of the county and province aforesaid, planter, and for other good causes and valuable considerations me hereunto moving, have given and granted, and by these presents do fully, freely, clearly and absolutely, give and grant unto him the said *Robert Brashears*, and his heir or heirs by him lawfully begotten, all that tract or parcel of land called *Brashears' Meadow*, situate, lying and being, in Prince-George's county aforesaid, and beginning," &c. &c. "containing, and laid out for, two hundred acres of land, more or less; together with all rights, titles, interests, claims and demands whatsoever, which I now have, or which any or either of my heirs, executors, administrators or assigns, shall or may hereafter have, of, to or in, the said granted premises, or any part thereof; to have and to hold the aforesaid granted lands and premises unto the said *Robert Brashears*, and his heirs, begotten as aforesaid, and to the only proper use and behoof of him the said *Robert Brashears*, and his heir or heirs, lawfully begotten, forever. And I, the said *Samuel Brashears*, for myself, my heirs," &c.—then follows a general warranty of the land—"to the said *Robert Brashears*, and his heir or heirs by him lawfully begotten as aforesaid, against him the said *Samuel Brashears*, or any person claiming by, from, or under him, or any or either of his heirs," &c. And a *proviso* in case of failure of heirs of the said *Robert Brashears*, then to the heirs of the said *Samuel Brashears*, &c. "In witness whereof I have hereunto set my hand and seal this 11th day of October 1726. SAMUEL BRASHEARS, (L. S.) "Signed, sealed and delivered, in the presence of us, JOS. BELT, JNO. MAGRUDER."

The said instrument of writing was thus acknowledged: " October the 11th, 1726; Prince George's county, set. came *Samuel Brashears*, party to the within written deed, and *Ann* his wife, and acknowledged the contents of the said deed, and every part thereof, according to law, viz. she the said *Ann* did freely and voluntarily, and of her own accord, relinquish all her right, title and dower, that shall or may for the future, become due to her in any part or parcel of the within granted lands and premises, being legally examined by us.

JOS. BELT.
JNO. MAGRUDER."

Oct. 1798.

Brashears
vs.
Hewitt.

The above deed was certified to be recorded on the 22d of November 1726, in the land records of Prince George's county.

The plaintiff also offered evidence to prove the execution, acknowledgment and delivery, of the said instrument of writing, by the said *Samuel Brashears*, and possession of the lands therein mentioned by *Robert Brashears*, the grantee, under and in virtue of the said instrument of writing, to the year 1742.

The defendant prayed the opinion of the court, and their direction to the jury, that the said paper, purporting to be a deed from *Samuel Brashears*, the patentee, to *Robert Brashears*, the father of the lessor of the plaintiff, was not competent in law to pass such an estate to the said *Robert Brashears* as would enable the plaintiff, claiming under the heir in tail of the said *Robert*, to support this action.

THE COURT [*Goldsborough*, Ch. J. and *Chase* J.] were of opinion, that the said paper was legal and proper  evidence to show a title in the plaintiff; and allowed the same to be read to the jury.

The defendant excepted, and appealed to the Court of Appeals.

The judgment of the General Court was *affirmed* in the Court of Appeals at June term 1800.

*Key*, for the plaintiff.

*Killy & Mason*, for the defendant.